746 P.2d 13

**In re the Marriage of Bruce C. LINCOLN, Petitioner/Appellee/Cross-Appellant,**

v.

**Lorraine M. LINCOLN, Respondent/Appellant/Cross-Appellee.**

**No. 2 CA–CV 87–0155.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 11, 1987.

Review Denied Nov. 24, 1987.

Burch & Cracchiolo, P.A. by Daryl Manhart and Donald W. Lindholm, Phoenix, for petitioner/appellee/cross-appellant.

Brent Burk Bradshaw, Scottsdale, for respondent/appellant/cross-appellee.

## OPINION

FERNANDEZ, Judge.

Bruce and Lorraine Lincoln were married on July 3, 1982. A child was born to the parties, and Bruce adopted a child Lorraine has from a previous marriage. The court, after a two-day bench trial, entered a decree of dissolution.

Lorraine appeals from the court's finding that she has no interest in a home purchased with Bruce's sole and separate property. She also appeals from the court's order striking her *pro se* motion for a new trial or an amendment of the judgment and her motion for relief from judgment. Bruce cross-appeals from the spousal maintenance and child support orders, contending the amounts he was ordered to pay are excessive. Secondly, Bruce contends that the court abused its discretion in refusing to allocate the federal income tax dependency exemption and, lastly, he claims the court erred in the value he assigned to the community vehicle and in offsetting two community liens. We affirm but find that the court erred in refusing to rule on the allocation of the dependency exemption. We remand the case to the trial court so that issue can be reconsidered. We also modify the decree with regard to the offsetting liens.

Bruce is the beneficiary of several family trusts in which Lorraine claims no interest. Prior to their wedding, Bruce arranged for the family trust to purchase a house in Paradise Valley. The day before the wedding, Bruce and Lorraine went to the law office of Frank Snell, the trustee, where they received a disclaimer deed from another lawyer. Lorraine was told to sign the deed soon after the wedding. Lorraine testified that she asked no questions of the lawyer and that she understood the purpose of a disclaimer deed. When escrow closed shortly after the wedding, the house was titled in Bruce's name as his separate property. Lorraine wanted Bruce to put her name on the title to the house, and Bruce told her he intended to do so after he

sold another house he owned in Flagstaff. Bruce testified he only intended to show her name on the title and that he did not intend to make a gift or otherwise convey an ownership interest in the house to Lorraine. The Flagstaff property had not been sold at the time of trial.

At the time of trial, Bruce was employed as an accountant, earning approximately $31,800 per year. He had an adjusted gross income of $96,603 in 1984, on which he paid $24,128 in taxes, leaving a disposable monthly income of $6,039. The additional income was dividends from the trusts as well as invasion of some of the principal. The court ordered Bruce to pay $1,000 per month per child for child support and $750 per month for spousal maintenance for a period of three years. Bruce was ordered to maintain health and medical insurance on the children, to pay for all uninsured medical and dental expenses, and to maintain a $500,000 life insurance policy on his life for the benefit of the children. Bruce was also ordered to pay all of Lorraine's attorney's fees. Trial counsel for Bruce sought to have the court consider the dependency exemption and to order the allocation to Bruce. The court declined to rule on the issue and urged the parties to settle the matter between themselves.

The court found that the community had a lien of $1,100 as the result of the increase in value of the Paradise Valley home during the marriage and that the equity in the Porsche they bought during the marriage was $9,000. The Porsche was awarded to Lorraine along with the loan that was outstanding on it. The court found that Lorraine's $550 share of the lien on the house was offset by Bruce's $4,500 lien on the Porsche.

## OWNERSHIP OF MARITAL HOME

■ Lorraine contends that Bruce's representations to her that he would place her name on the deed created a contract that is enforceable in Arizona. We disagree since it is clear the house was purchased with Bruce's separate property, and title was taken in his name only. Bruce testified he only intended to show her name on the

deed in the future after he sold his Flagstaff house, an event which never occurred. He testified he never intended to make a gift to Lorraine of any portion of the house.

Lorraine cites *Cook v. Cook,* 142 Ariz. 573, 691 P.2d 664 (1984) and *Carroll v. Lee,* 148 Ariz. 10, 712 P.2d 923 (1986), in support of her contention. We find neither case is applicable since the parties here had no agreement to pool resources. We find that the evidence supports the finding that Bruce made no gift or conveyance to Lorraine of any interest in the house and that it is his separate property.

## STRIKING OF LORRAINE'S MOTIONS

Lorraine filed a post-trial motion for a new trial or an amendment of the judgment and a motion for relief from the judgment. Both *pro se* motions were filed by Lorraine during a time when she was still represented by her trial counsel and before she was represented by new counsel on appeal. No formal order substituting counsel had been entered when they were filed. The court granted the motion to strike the motion for new trial. Despite Lorraine's contention on appeal that the court also struck her motion for relief from judgment, the record shows that that motion was denied.

■ A person who is represented by counsel in litigation has no right to personally conduct any aspect of the litigation except through counsel. *Brasier v. Jeary,* 256 F.2d 474 (8th Cir.), cert. denied, 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958); *Daley v. County of Butte,* 227 Cal.App.2d 380, 38 Cal.Rptr. 693 (1964); *Thomas v. National State Bank,* 628 P.2d 188 (Colo. App.1981). Furthermore, Lorraine's trial counsel had already filed and argued on her behalf her proposed findings of fact and conclusions of law, objections to Bruce's proposed decree and a motion pursuant to Rule 59, Rules of Civil Procedure, 16 A.R.S. We find no error.

## SPOUSAL MAINTENANCE AWARD

Bruce argues that the court should not have ordered any spousal maintenance be-

cause the marriage was of short duration, there was nothing to prevent Lorraine from resuming work and the fact that the parties lived beyond their means during the marriage does not obligate the husband to continue the wife in that lifestyle after the dissolution.

■ The factors governing an award of maintenance are established by statute. A.R.S. § 25–319(B). Such awards are reviewable with regard to any abuse of discretion by the trial court. *In re Marriage of Berger*, 140 Ariz. 156, 680 P.2d 1217 (App.1983). That discretion may not be exercised arbitrarily but must be supported by the record. *In re Marriage of Hinkston*, 133 Ariz. 592, 653 P.2d 49 (App.1982).

Even though the court found that the parties had been living beyond their means during their marriage, we note that the court made specific findings that Lorraine lacks sufficient property to provide for her reasonable means, she is unable to support herself through appropriate employment at the present time, she is the custodian of a child whose age is such that she should not be required to seek fulltime employment outside the home and she presently lacks earning ability in the labor market adequate to support herself.

In view of these findings and the limited duration of the award, we find no abuse of discretion in the spousal maintenance award.

### CHILD SUPPORT AND DEPENDENCY EXEMPTION

■ Bruce contends that the child support ordered by the court exceeded the domestic relations guidelines on child support. In view of the evidence on Bruce's income, we find no error in the award.

He also complains because the trial court refused to award him the federal dependency exemption for both children. Until recently the federal tax code provided certain rules as to which divorced parent could claim the child's dependency exemption on federal income tax returns. Those rules gave rise to many disputes between divorced parents and the Internal Revenue Ser-

vice. The resulting burden on the IRS of these disputes was recognized and dealt with by the Deficit Reduction Act of 1984, Pub. L. No. 98–369, 98 Stat. 494. The House committee that dealt with the problem found as follows:

The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H.R.Rep. No. 432, Part II, 98th Cong., 2d Sess., *reprinted in* 1984 U.S. Code Cong. & Ad. News 697, 1140.

Under 26 U.S.C. § 152(e), as amended, the IRS's role in resolving such questions is eliminated by automatically allowing the custodial parent to claim the exemption unless that parent has executed a written waiver in favor of the other spouse. Arizona judges have apparently been reluctant to order allocation of the dependency exemption, both prior to and since the amendment of the statute. There are no reported Arizona opinions on the issue.

Other state courts have found they had authority under the pre–1984 statute to determine allocation of the exemption in a dissolution proceeding. See, e.g., *Grider v. Grider*, 376 So.2d 1103 (Ala.Civ.App.1979); *Morphew v. Morphew*, 419 N.E.2d 770 (Ind. App.1981); *Pettitt v. Pettitt*, 261 So.2d 687 (La.App.1972); *Greeler v. Greeler*, 368 N.W.2d 2 (Minn.App.1985); *Westerhof v. Westerhof*, 137 Mich.App. 97, 357 N.W.2d 820 (1984); *Niederkorn v. Niederkorn*, 616

S.W.2d 529 (Mo.App.1981); *MacDonald v. MacDonald,* 122 N.H. 339, 443 A.2d 1017 (1982). There are important reasons for recognizing that authority.

> The ability of a parent to claim his or her children as an exemption for income tax purposes is a factor in the financial resources of the parent. Claiming an exemption not only defrays the expenses of supporting the child, it is also necessary so that a parent may receive a deduction from income taxes for medical expenses of the child which he or she paid.

*Morphew,* supra, 419 N.E.2d at 776.

As the legislative history of the 1984 amendment shows, Congress was attempting to avoid having the IRS act as a mediator between divorced spouses rather than performing its revenue-collecting function. The financial impact of the allocation of the exemption, however, is still a proper consideration of the court in a dissolution action. The Minnesota Court of Appeals has held that allocation of the exemption is still permissible under the amended statute. The court held that a custodial parent may be ordered to execute the necessary waiver of exemption in favor of a non-custodial parent paying child support. In so holding, the court stated as follows: "State court allocation of the exemption does not interfere with Congressional intent. It does not involve the IRS in fact-finding determinations. State court involvement has no impact on the IRS. Thus, allocation of the exemption is permissible." *Fudenberg v. Molstad,* 390 N.W.2d 19, 21 (Minn.App. 1986).

■ In this case, it is clear that Bruce was ordered to pay more than one-half the children's support. At the time of the trial, Lorraine was unemployed. Bruce was ordered to maintain health insurance for the children and to pay all uninsured medical and dental expenses. He was also ordered to maintain life insurance on his life for the children's benefit of at least $500,000. Entitlement to the dependency exemption is an important consideration in ascertaining the resources of the parties and in making a determination as to the amount of child support. We hold that, in Arizona, a custo-dial parent may be ordered to execute the necessary waiver of exemption in favor of a non-custodial parent who is paying child support in appropriate cases.

■ It was an abuse of discretion for the trial court in this case to refuse to resolve the issue of allocation of the dependency exemption. We therefore remand the case in order for the court to determine which party is to receive the exemption.

## PROPERTY DISPOSITION

■ Bruce contends the court erred in setting the value of the Porsche. We find no abuse of discretion in that finding. Bruce also contends the court erred in offsetting the award of the lien on the Porsche with the lien on the house. A.R.S. § 25–318 provides that community property is to be divided equitably. That division is required to be substantially equal. *Hatch v. Hatch,* 113 Ariz. 130, 547 P.2d 1044 (1976); *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App.1977). The offsetting award here was not substantially equal, and it was an abuse of discretion to enter it. We therefore modify the decree to provide that Lorraine has a lien of $550 on the house and Bruce has a lien of $4,500 on the Porsche.

## ATTORNEY'S FEES

Lorraine is awarded partial attorney's fees on appeal in an amount to be determined by the court upon submission of the appropriate affidavits.

The judgment is affirmed with the exception of the modification to the decree and the exemption issue which we have remanded.

LIVERMORE, P.J., and ROLL, J., concur.