LINDA ANN BABKA, APPELLANT, V. ALAN VLAD BABKA, APPELLEE.

452 N.W.2d 286

Filed March 9, 1990.    No. 88-480.

Ronald S. Depue, of McDermott, Depue & Zitterkopf, for appellant.

Patrick A. Brock, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The marriage of the parties was dissolved on May 19, 1980, by a decree which incorporated a stipulation and settlement agreement the parties had executed. The parties had agreed that custody of the minor children, Todd, born April 12, 1973, and Gina, born August 31, 1976, should be awarded to the petitioner, Linda Ann Babka, together with child support in the amount of $200 per month per child. The agreement further provided that the respondent, Alan Vlad Babka, provide and maintain all of the present medical and dental insurance on the children and be responsible for all medical and dental bills which were not covered by insurance.

The decree and agreement were silent as to who could claim the children as dependents for federal income tax purposes; however, the testimony shows the parties discussed this matter prior to entering into the settlement agreement, and the respondent entered into the agreement based on those discussions.

The respondent claimed the children as dependents on his federal income tax return for the years 1980 through 1986. In 1987, the petitioner refused to allow the respondent to claim the children as dependents and claimed them on her tax return.

On May 3, 1988, the respondent filed an application to modify the divorce decree, requesting the court to give him the right to claim the minor children as dependents on his income tax returns or, in the alternative, to reduce his child support obligations.

The petitioner's answer denied that there had been a material change in circumstances such as to justify a modification of the decree.

The trial court found and ordered that the respondent was authorized to claim the minor children as dependents for income tax purposes. The petitioner, now known as Linda Ann Jelinek, has appealed.

The primary issue on appeal is whether under I.R.C. § 152(e) (Supp. V 1987), which was amended by the Tax Reform Act of 1984 by creating a presumption that the custodial parent is entitled to income tax dependency exemptions, state courts have jurisdiction to award income tax

dependency exemptions to the noncustodial parent.

Prior to the 1985 tax year, § 152 provided that the noncustodial parent was entitled to claim a dependency exemption in any tax year when the divorce decree specifically granted the exemption to the noncustodial parent and that parent provided over $600 per child per year in support payments, or when the decree was silent as to the exemption, and the noncustodial parent paid more than $1,200 per child per year in support payments and the custodial parent could not prove he or she provided more support than the noncustodial parent. This rule caused the Internal Revenue Service to spend much time and resources in making determinations as to which parent was entitled to the dependency exemptions. H.R. Rep. No. 432, 98th Cong., 2d Sess., pt. 2, at 1498, *reprinted in* 1984 U.S. Code Cong. & Admin. News 697, 1140.

In 1984, Congress amended § 152 to provide that the custodial parent is automatically entitled to the dependency exemptions except in three instances. Under the new law, the noncustodial parent may claim the dependency exemptions (1) if a multiple-support agreement is in effect; (2) if a qualified pre-1985 instrument between the parents provides that the noncustodial parent shall be entitled to the exemptions, and that parent provides at least $600 per child per year in support; or (3) if the custodial parent signs a written declaration stating he or she will not claim the dependency exemption and the noncustodial parent attaches such written declaration to his or her tax return. § 152(e).

A qualified pre-1985 instrument is a divorce or separate maintenance decree or a written agreement which was executed before 1985. It must specifically provide that the noncustodial parent is entitled to the dependency exemption. § 152(e)(4)(B). A noncustodial parent may not claim his or her children as dependents based on a pre-1985 instrument that was silent as to who could claim the dependency exemptions. The failure to expressly cover this point does not make the instrument qualified, and a silent decree may not be modified to qualify it as a pre-1985 instrument. 33 Am. Jur. 2d *Federal Taxation* § 1147 (1989).

Regarding the reasons for the change, the legislative history

of the amendment states:

> The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H.R. Rep. No. 432, 98th Cong., 2d Sess., pt. 2, at 1498-99, *reprinted in* 1984 U.S. Code Cong. & Admin. News 697, 1140.

The amended statute is silent as to whether a state court can require a custodial parent to sign a declaration waiving the dependency exemption. "[T]his silence demonstrates Congress's surpassing indifference to how the exemption is allocated as long as the IRS doesn't have to do the allocating." *Cross v. Cross*, 363 S.E.2d 449, 457 (W. Va. App. 1987).

The division of marital property has traditionally been reserved for each state's domestic relations courts. *Motes v. Motes,* 786 P.2d 232 (Utah App. 1989). The dependency exemption for income tax returns is an economic benefit. See *Cross, supra*. Prior to Congress' amendment of the tax law, most state courts could allocate the dependency exemption. *Id.*

Since the amendment to the federal tax law, the majority of jurisdictions considering this issue have determined that state courts may exercise their equitable powers to allocate dependency exemptions to noncustodial parents. *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13 (1987); *Serrano v. Serrano*, 213 Conn. 1, 566 A.2d 413 (1989); *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 533 N.E.2d 29 (1988); *Hart v. Hart*, 774 S.W.2d 455 (Ky. App. 1989); *Wassif v. Wassif*, 77 Md. App.

750, 551 A.2d 935 (1989); *Bailey v. Bailey*, 27 Mass. App. 502, 540 N.E.2d 187 (1989); *Corey v. Corey*, 712 S.W.2d 708 (Mo. App. 1986); *Fudenberg v. Molstad*, 390 N.W.2d 19 (Minn. App. 1986); *In re Marriage of Milesnick*, 765 P.2d 751 (Mont. 1988); *Gwodz v. Gwodz*, 234 N.J. Super. 56, 560 A.2d 85 (1989); *Fleck v. Fleck*, 427 N.W.2d 355 (N.D. 1988); *Hughes v. Hughes*, 35 Ohio St. 3d 165, 518 N.E.2d 1213 (1988), *cert. denied* 488 U.S. 846, 109 S. Ct. 124, 102 L. Ed. 2d 97; *Motes v. Motes, supra*; *In re Marriage of Peacock*, 54 Wash. App. 12, 771 P.2d 767 (1989); *Cross v. Cross, supra*; *Marriage of Pergolski v. Pergolski*, 143 Wis. 2d 166, 420 N.W.2d 414 (1988). However, in order for the allocation to be effective, the court must order the custodial parent to sign the declaration waiving the dependency exemption. *Pergolski, supra.* Most jurisdictions have further required that the execution of the declaration allocating the exemption to the noncustodial parent be dependent on the noncustodial parent's having paid his or her child support obligations. See, e.g., *Lincoln, supra*; *Einhorn, supra*; *Motes, supra*; *Cross, supra.*

The basis for these decisions has been that the amendment does not expressly divest state courts of their traditional power of allocating the exemption and that Congress did not intend the amendment to achieve such a result. The amendment was intended to relieve the IRS of the burden of determining who was entitled to the exemption, not to interfere with state court prerogatives. *Serrano, supra.*

A minority of jurisdictions have decided that state courts have no authority to require the custodial parent to sign the declaration allocating the dependency exemption to the noncustodial parent. *Holley v. Holley*, 547 So. 2d 192 (Fla. App. 1989); *Lorenz v. Lorenz*, 166 Mich. App. 58, 419 N.W.2d 770 (1988); *Josey v. Josey*, 291 S.C. 26, 351 S.E.2d 891 (1986); *Brandriet v. Larsen*, 442 N.W.2d 455 (S.D. 1989); *Davis v. Fair*, 707 S.W.2d 711 (Tex. App. 1986). However, some of these jurisdictions have determined that although the state court has no authority to allocate the dependency exemptions to the noncustodial parent, it may adjust the child support obligations to reflect the loss of the benefit of the exemption. See, *Lorenz, supra*; *Sarver v. Dathe*, 439 N.W.2d 548 (S.D. 1989); *Davis,*

*supra.*

Since the decree cannot become a qualified pre-1985 decree by only modifying it to allow the respondent to claim the dependency exemptions, a modification stating that the decree is modified to allow the respondent to claim the dependency exemption is ineffective. The decree should be modified by ordering the petitioner to execute and deliver to the respondent a waiver allocating the dependency exemptions to the respondent for each year in which the child support payments have been paid in full. See, *Nichols v. Tedder*, 547 So. 2d 766 (Miss. 1989); *McKenzie v. Jahnke*, 432 N.W.2d 556 (N.D. 1988).

The petitioner argues that there has been no showing of a material change in circumstances to support a modification of the decree.

"To justify a modification of a divorce decree, there must be a showing of a material change in the circumstances subsequent to the entry of the dissolution decree. . . . Alteration and passage from one condition to another is essential for a material change in circumstances." *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 785-86 (1984).

Although the settlement agreement did not expressly state that the respondent would claim the children as dependents for income tax purposes, the record shows that this matter was discussed by the parties and that the respondent consented to the agreement based on this understanding. Prior to the change in the tax law, the respondent claimed the children as dependents.

The record further shows that after the tax law had been changed, the petitioner complied with the change by executing the appropriate declarations so that the respondent could have the dependency exemptions in 1985 and 1986. The petitioner testified that she did not let the respondent claim the dependency exemptions in 1987 because of the change in the tax law; however, she was aware of the change prior to 1987 because she complied with the waiver requirements by signing the required declarations in 1985 and 1986. The record shows that the petitioner claimed the children as dependents on her 1987 tax return because of a dispute over certain medical

expenses and the expenses of driver's education and swimming lessons.

The change in the federal tax law and the petitioner's unilateral action regarding the dependency exemptions was a material change in circumstances which supports a modification of the decree.

The judgment of the district court is modified to provide that the petitioner shall execute and deliver to the respondent a declaration allowing the respondent to claim the minor children as dependents for income tax purposes for each year in which the child support has been paid in full. As so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.