ANNA MARGRETHE HALL, APPELLEE, V. PATRICK JAMES HALL,
APPELLANT.

472 N.W.2d 217

Filed July 19, 1991.   No. 89-410.

Steven O. Stumpff, of Stumpff Law Office, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Patrick James Hall appeals the denial by the Custer County District Court of his motion seeking to modify the divorce decree dissolving his marriage to Anna Margrethe (Lassen) Hall. Through his motion Hall asked that the tax dependency exemptions for his and Anna Hall's three minor children be granted to him.

The marriage of Patrick and Anna Hall was dissolved by the

district court on March 28, 1988. Custody of the minor children was awarded to Anna Hall, who now resides in California with the children. Patrick Hall was ordered to pay child support of $266 per month for each child and maintain health and dental insurance policies on the children. Patrick Hall was also ordered to pay alimony of $100 per month for 20 months. The issue of the tax dependency exemptions was not ruled on by the court in the final decree, and the record does not contain any discussion of which party would retain the exemptions.

On November 17, 1988, Patrick Hall moved the court to modify the divorce decree by granting him the tax dependency exemptions. On December 22, the court denied the motion, stating that a final order had been entered on this issue April 5, and there had not been a substantial change in circumstances since that time. Hall filed a motion for rehearing on February 16, 1989, which was treated as a motion to modify. A hearing was held on the matter on March 16, and the court denied the motion, stating:

> While this court agrees with the majority of states that it can order one of the parties to execute a relinquishment of the exemption (IRS Form 8332), the party requesting the exemption in a modification hearing must first show that a substantial change in circumstances has occurred since the entry of the decree. Absent an appeal, the final decree of dissolution is final. As such, it is res judicata as to the rights of the parties. Neujahr v. Neujahr, 223 Neb. 722, 393 N.W.2d 47 (1986).
>
> . . . At the time of the decree in April 1988, Respondent had monthly gross income of $3,961 and Petitioner $966. At the hearing on modification, Respondent had a gross monthly income of $4,799 and Petitioner $1,334. If the record shows any change, it shows a change for the need of the exemption by the Petitioner. Respondent would have this court force the Petitioner to give up any small refund she may have coming, in order that he may increase his standard of living. The Respondent's children and the Petitioner have already gone through a substantial reduction in their standard of living, and this court will not assist Respondent in lowering their standard of living

or harassing them further.

Patrick Hall appeals from this order.

Anna Hall did not file responsive pleadings to Patrick Hall's motion for modification or motion for rehearing. She did not appear at the March 16, 1989, hearing and did not file a brief in this appeal. Apparently she did receive notice of the modification proceedings, since the trial judge stated at the hearing that he had received a letter from her. Hall indicates in his brief that she was notified of the motions and hearing by regular mail as permitted by the district court rules for Custer County.

Hall's assignments of error can be summarized as follows: The court erred in not granting a default judgment in favor of Patrick Hall due to Anna Hall's failure to file responsive pleadings and appear at the March 16, 1989, hearing and erred in finding that a final determination had been made as to the exemptions, that the issue was res judicata as to the parties, and that the exemptions should not be awarded to Patrick Hall absent a showing of a substantial change in circumstances. After conducting our de novo review of the record, we affirm the judgment of the district court.

We first consider Hall's claim for a default judgment against Anna Hall for her failure to file responsive pleadings or appear at the hearing to modify the judgment. It is well-recognized law in this state that an action for divorce or for modification of a divorce decree sounds in equity. See, *Kouth v. Kouth*, 238 Neb. 230, 469 N.W.2d 791 (1991); *Huffman v. Huffman,* 236 Neb. 101, 459 N.W.2d 215 (1990). In an appeal of an equity action, this court tries the factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court; provided, where the credible evidence is in conflict on a material issue of fact, we consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991); *Citizens State Bank v. Jennings State Bank*, 236 Neb. 307, 461 N.W.2d 78 (1990). Our standard of review in an appeal involving an action for dissolution of marriage is de novo on the record to determine whether there has been an

abuse of discretion by the trial judge. *Wilson v. Wilson, ante* p. 219, 469 N.W.2d 750 (1991).

We note the following principles of equity jurisprudence that govern in this case: " ' "[E]quity seeks the real and substantial rights of the parties, and applies the remedy in such manner as to relieve those having the controlling equities." ' " *Miller v. School Dist. No. 69*, 208 Neb. 290, 296, 303 N.W.2d 483, 487 (1981) (quoting *National Mortgage Loan Co. v. Hurst*, 120 Neb. 37, 231 N.W. 519 (1930)). " ' "Equity looks through forms to substance," or as stated in similar language, "A court of equity goes to the root of a matter and is not deterred by forms." ' " *Miller, supra* at 296, 303 N.W.2d at 487 (quoting *Darnell v. City of Broken Bow*, 139 Neb. 844, 299 N.W. 274 (1941)).

Accordingly, the fact that Anna Hall did not respond to Patrick Hall's motion for modification of their divorce decree is not determinative of the status of the tax exemptions. Patrick Hall may not be granted the exemptions simply on Anna Hall's failure to respond or appear. Rather, this court, under its equity powers, balances the interests of the parties and then determines where the equities lie. Therefore, Hall's claim for a default judgment against Anna Hall has no merit.

We now turn to the remaining assignments of error. We note initially that Anna Hall is presumptively entitled to the tax exemptions. Dependency tax exemptions are governed by 26 U.S.C. § 152 (1988). Under § 152(e), as amended in 1984, the custodial parent is automatically granted the tax exemptions except in three instances. The noncustodial parent may claim the exemptions if (1) a multiple-support agreement is in effect, (2) a qualified pre-1985 support agreement between the parties provides that the noncustodial parent is entitled to the exemptions and that parent provides at least $600 per child per year in support, and (3) the custodial parent signs a written declaration stating he or she will not claim the exemptions for that tax year.

Since the amendment to this section, a majority of jurisdictions have considered the issue of whether, in the face of § 152(e), a state court may exercise its equity power to allocate the tax exemptions to a noncustodial parent. A majority of

states have concluded that the exemptions may be allocated as a part of the divorce decree. See, e.g., *McKenzie v. Jahnke*, 432 N.W.2d 556 (N.D. 1988); *Hughes v. Hughes*, 35 Ohio St. 3d 165, 518 N.E.2d 1213 (1988); *Marriage of Pergolski v. Pergolski*, 143 Wis. 2d 166, 420 N.W.2d 414 (1988); *Cross v. Cross*, 363 S.E.2d 449 (W. Va. 1987); *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13 (1987); *Serrano v. Serrano*, 213 Conn. 1, 566 A.2d 413 (1989); *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 533 N.E.2d 29 (1988).

Nebraska has adopted this majority rule in *Babka v. Babka*, 234 Neb. 674, 452 N.W.2d 286 (1990). In that case we held that the trial court may modify a divorce decree by reallocating the tax dependency exemptions and that the party holding the exemptions may be ordered to execute a waiver of the exemptions to the other party. We again hold that any Nebraska state court having jurisdiction in a divorce action shall have the power to allocate tax dependency exemptions as part of the divorce decree. The court has the power to order the custodial parent to execute a waiver of his or her right to declare the tax exemptions if the situation of the parties so requires.

The trial court in this case did not specifically allocate the tax exemptions. However, since federal tax laws determine the placement of the exemptions absent reallocation by the state court, the custodial parent is presumed to retain the tax exemptions. Anna Hall is the custodial parent in this case and is thus presumptively entitled to the exemptions. The parties do not have a multiple-support agreement, nor was a pre-1985 agreement regarding the tax exemptions in effect. The parties were not even divorced until 1988. Therefore, none of the exceptions to § 152(e) apply. Anna Hall retains the right to claim the three children as dependents on her tax returns unless this court modifies the divorce decree and reallocates the exemptions to her ex-husband.

We must now determine if the allocation of a tax exemption in a divorce decree is subject to modification. Neb. Rev. Stat. § 42-365 (Reissue 1988) provides that an award for alimony may be revoked or modified for good cause. An award of child support can also be modified. See Neb. Rev. Stat. § 42-364 (Reissue 1988). See, also, *State v. Easley*, 207 Neb. 443, 299

N.W.2d 439 (1980); *Schulze v. Schulze,* 238 Neb. 81, 469 N.W.2d 139 (1991). To justify modification of alimony or child support, there must be a showing of a material change in circumstances subsequent to the entry of the decree. *Schulze, supra.* We stated in *Schulze, supra* at 85, 469 N.W.2d at 142, quoting *Morisch v. Morisch,* 218 Neb. 412, 355 N.W.2d 784 (1984):

> " 'Material change in circumstances' in reference to modification of child support is analogous to modification of alimony for 'good cause.' . . . 'Material change in circumstances' eludes precise and concise definition. Courts may consider various factors to determine if a material change in circumstances has occurred. Among some of the factors or circumstances considered by a court are a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. . . . Alteration and passage from one condition to another is essential for a material change in circumstances."

We hold that a tax dependency exemption is nearly identical in nature to an award of child support or alimony and is thus capable of being modified as an order of support. We find this proposition supported by other jurisdictions, as well as our own. See, *Babka, supra* at 677, 452 N.W.2d at 288 ("[t]he dependency exemption for income tax returns is an economic benefit"); *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 533 (Mo. App. 1981) ("[t]he federal exemption bears directly on the financial positions of the parties. An award of the tax exemption to one party is nearly identical in nature to an order that the other party pay as child support a sum equal to the value of the exemption"); *McKenzie v. Jahnke, supra* at 558 (Levine, J., concurring) ("the exemption is so clearly aligned with child support and custody, that it is properly considered to be support rather than property and is . . . subject to modification").

As in the cases of alimony and child support, the allocation of a tax exemption will be modified only upon a showing of a material change in circumstances. See *Schulze, supra*. Patrick Hall has not demonstrated how his circumstances or the circumstances of his children or ex-wife have changed since the divorce decree was entered. Hall's only contention is that granting the exemptions to him in exchange for larger child support payments would benefit him on his income tax. This may be true, but we do not consider a potential reduction of one's indebtedness to the Internal Revenue Service a material change in circumstances sufficient to modify the allocation of tax exemptions. The judgment of the district court is affirmed.

AFFIRMED.