845 So.2d 1183 (2003)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, Shelly Burkett
v.
Craig BURKETT.
No. 02-CA-1128.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1184 Paul D. Connick, Jr. District Attorney, Mark J. Mansfield Assistant District Attorney, Gretna, Louisiana, for Appellee.
Craig M. Burkett, Metairie, LA, In Proper Person.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Appellant/ defendant Craig Burkett appeals a judgment of the juvenile court dated May 6, 2002, increasing the amount of child support to $706.00 per month, plus *1185 5% of court costs for a total of $741.30, effective May 1, 2002. In the judgment, the court further determined that Mr. Burkett was not entitled to claim the children as a tax deduction for 2001 because he was in arrears for a period of time during that year. For the following reasons, we affirm in part and reverse in part.
The matter initially arose as part of divorce proceedings between Shelley Burkett and Mr. Burkett in the 24th Judicial District Court. The couple had two minor sons. On May 16, 2001, the district court granted an interim judgment of support, effective July 1, 2001, ordering Mr. Burkett to pay child support in the amount of $561.00, plus alimony of $300.00, for a total of $861.00 per month, plus 5% court costs. An Income Assignment Order was signed by the district court authorizing Mr. Burkett's employer, the Jefferson Parish Fire Department, to withhold support payments due. Because Mrs. Burkett was receiving the assistance of the Department of Social Services, the child support matter was transferred for subsequent modification to the juvenile court in accordance with La. R.S. 46:236.2.
In the juvenile court, the state filed a Motion to Modify Support, alleging that the judgment of support should be increased, and that Mr. Burkett should be required to obtain health insurance on behalf of the children. Subsequently, the state also filed a Rule for Contempt against Mr. Burkett for non-payment of support. On September 19, 2001, the child support obligation was recalculated by the hearing officer, and set at $569.46 per month, plus court costs, effective October 1, 2001, which recommendation was made the judgment of the court. The hearing officer later found Mr. Burkett to be in contempt and in arrearage in the amount of $1122.00. The juvenile court heard the matter, and agreeing that Mr. Burkett was in contempt for that arrearage, sentenced him to 10 days in parish prison and recommended suspension of his driver's license. The sentence was suspended conditioned on the timely payment of ongoing support, which was determined to be $569.46, plus 5% costs, plus an additional $100.00 as payment for past due amounts. The past due support was made executory, and Mr. Burkett was required to provide 100% of child support since Mrs. Burkett was unemployed. Mr. Burkett was allowed the applicable income tax deduction, and was further ordered to obtain medical insurance.
The state moved for re-hearing on the issue of the tax deduction. In November 2001, another hearing was held on the issues of support, arrearages, and medical insurance. The parties settled the insurance matter, and Mr. Burkett paid the arrearage in full. Mr. Burkett later filed a Rule to Reduce Support, urging that the court included overtime pay in the base support, which he uses to support another family. The hearing officer denied the rule, and subsequently, the state moved for an increase, alleging that Mr. Burkett had an increase in income, and that the children were not covered by medical insurance.
A hearing on those issues was set for February 21, 2002. Mr. Burkett did not appear before the hearing officer, and as a result, an attachment issued, which was later recalled as Mr. Burkett had not been properly served with notice of the rule. The hearing officer recommended that the tax deduction be granted to Mrs. Burkett, and the rule to increase was reset. Mr. Burkett filed another rule for a decrease.
In April, the hearing officer computed the support obligation according to the *1186 child support guidelines and set the amount at $706.00 per month plus 5% court costs. Mr. Burkett was granted the dependency tax deduction for the year 2001. Both parties disagreed and the juvenile court judge heard the matter. Following a hearing in the juvenile court, the judge affirmed the support order in the amount of $706.00 plus costs. However, the court found that under La.-R.S. 9:315.18C, Mr. Burkett was not entitled to claim the tax deduction for 2001 because he was in arrears for a period of time during that year. It is from this judgment that Mr. Burkett appeals.
Mr. Burkett urges that the trial court erred in finding that he was in arrears at any time during the year 2001; that the trial court erred in computing his income; and that the court erred in granting Mrs. Burkett the tax deduction.
To the extent that Mr. Burkett attempts to appeal the judgments relative to the arrearages, the amount thereof, and contempt of court, these matters were not timely appealed and are not before us. Mr. Burkett further urges that the court erred in hearing the matter of the deductions because he was not properly served, and thus his due process rights were violated. Mr. Burkett appears to argue that because he was not properly served with notice of the February hearing, the matter was not before the juvenile court judge in April. However, in his rule to reduce, which Mr. Burkett requested be set on the same day as the rule to increase, he himself added into the motion: "... Also to claim children as dependents on 2001 tax returns." Because Mr. Burkett brought the tax issue before the court, there is no basis for a claim of improper service.
La. R.S. 9:315.18 reads in pertinent part:
A. The amounts set forth in the schedule in > R.S. 9:315.19 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domiciliary party whose child support obligation is equal to or greater than fifty percent and equal to or less than seventy percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
. . . .
C. The non-domiciliary party whose child support obligation exceeds seventy percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions every year if no arrearages are owed by the obligor.
At the hearing, the state explained that once it was determined that Mr. Burkett had not been properly served in the February 21st hearing, the hearing officer's order, granting Mrs. Burkett the tax deduction, was rescinded, but not before Mrs. Burkett had already taken the deduction. Mrs. Burkett testified that she is a full time student at the University of New *1187 Orleans, and in order for her to get grants toward her tuition she had to have the tax deductions. Without the deductions, she would not be eligible for the grant to enable her to continue in school.
In its Reasons for Judgment, the trial court found that Mr. Burkett had been in arrears during 2001, although he was no longer delinquent by the end of that year. The court determined that "The wording of the statute indicates that the dependency deduction privilege is one which a non-domiciliary party is entitled to only if he consistently remains current with his support payments. The statute does not specify at what point in a given year arrearages are calculated." Having ascertained that Mr. Burkett had been in arrears, the court found he was not entitled to claim the tax deduction.
As we read the statute, the non-domiciliary parent who pays in excess of 70% of the child support obligation is entitled to the tax benefit if there is no question of arrearage, and such privilege is not discretionary with the trial court. Where there is an issue of arrearage however, that entitlement is called into question. Clearly, if the arrearage exists at the time of any such hearing, the court is empowered to change the party receiving the tax benefit.[1] If, as in the present case, the arrearage does not exist on the date of the hearing, we deem the determination of the right to that tax deduction to be a matter of the trial court's discretion, based on the facts and circumstances of the case. Here, the record shows that Mr. Burkett was in arrears for several months during 2001, and did not become current until nearly the end of the year, in November 2001. Mrs. Burkett, in apparent good faith, took the deduction after it was erroneously granted by the hearing officer, in order to ensure her education grant. Under these circumstances, we cannot say the trial court abused its discretion in permitting Mrs. Burkett to take the deduction for 2001.
We pretermit the remainder of Mr. Burkett's arguments upon the following finding. La. R.S. 9:311 states the following:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
. . . .
C. For purposes of this Section, in cases where the Department of Social Services is providing support enforcement services:
(1) A material change in circumstance exists when a strict application of the child support guidelines, Part I-A of this Chapter, would result in at least a twenty-five percent change in the existing child support award. A material change in circumstance does not exist under this Paragraph if the amount of the award was the result of the court's deviating from the guidelines pursuant to R.S. 9:315.1 and there has not been a material change in the circumstances which warranted the deviation.
(2) Upon request of either party or on its own initiative and if the best interest of the child so requires, the department shall provide for judicial review and, if *1188 appropriate, the court may adjust the amount of the existing child support award every three years if the existing award differs from the amount which would otherwise be awarded under the application of the child support guidelines. The review provided hereby does not require a showing of a material change in circumstance nor preclude a party from seeking a reduction or increase under the other provisions of this Section.
The previous award in October 2001 was for $569.46, plus court costs, for a total of $597.93 per month. The state's rule to increase, which resulted in the present judgment on appeal, cited an increase in Mr. Burkett's income as a result of a decrease in his insurance premiums. As we calculate the figures, in order to constitute a material change in circumstances under R.S. 9:311, the increase would have to be at least $142.36, for a total of $711.82, plus costs. An application of the guidelines, which resulted in an award of $706.00 plus costs, does not meet the statutory requirements of a material change of circumstances.
A party seeking modification of a child support award bears the burden of proving that a change in circumstances has occurred. Once the moving party proves a change in circumstances, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption. As clarified by the supreme court in Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, 769-70, the party seeking modification need not prove a substantial change in circumstances, but only a change sufficient to justify an increase or decrease in child support. What constitutes such a change in circumstances is determined on a case-by-case basis and depends on the particular facts adduced. However, when the Department is providing support enforcement services, a change in circumstances exists only when a strict application of the Guidelines would result in at least a twenty-five percent change in the existing child support award. See LSA-R.S. 9:311(C)(1).[2]
The well-settled rule of law is that an appellate court cannot reverse a trial court's findings of fact in the absence of manifest error or unless they are clearly wrong. On appeal, the appellate court must review the record in its entirety to determine whether the trial court's findings were clearly wrong or manifestly erroneous and whether the trial court's conclusions were reasonable.[3]
Utilizing the worksheet in the record, a strict application of the guidelines evidences that Mr. Burkett's obligation is $706.00, as determined by the hearing officer and affirmed by the trial court. Because this amount is less than a twenty-five percent increase or change from the existing award, the state did not prove the requisite material change of circumstances. As a result the trial court was clearly wrong in granting the increase.
For the foregoing reasons, that portion of the judgment increasing Mr. Burkett's support obligation to $706.00 per month is *1189 reversed. In all other respects, the judgment on appeal is affirmed. Mr. Burkett is assessed one-half of the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] See e.g., Satterfield v. Alline 2000-2069 (La. App. 4 Cir. 12/12/01), 805 So.2d 309.
[2] State, Dept. of Social Services Support Enforcement Services ex rel. A.M. v. Taylor, 2000-2048 (La.App. 1 Cir. 2/15/02), 807 So.2d 1156, some citations omitted.
[3] Nyquist v. Jefferson Parish Sheriff's Office 01-1378 (La.App. 5 Cir. 5/15/02), 821 So.2d 39, writ not considered XXXX-XXXX (La.10/4/02) 826 So.2d 1112.