# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1224


# RUBY ANNA PRITCHARD

# VERSUS

# STACEY VAUGHN FLOYD


************

## APPEAL FROM THE
## TWENTY-EIGHTH JUDICIAL DISTRICT COURT,
## PARISH OF LASALLE, NO. 32,780,
## HONORABLE J. P. MAUFFRAY, JR., DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion Judges.


**REVERSED AND RENDERED.**


**Steven P. Kendrick**
**Dorroh & Kendrick**
**Post Office Box 1889**
**Jena, LA 71342**
**(318) 992-4107**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Ruby Anna Pritchard**

**Michael H. Davis**
**Davis & Saybe**
**2017 MacArthur Drive**
**Building 4, Suite A**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Stacey Vaughn Floyd**

PETERS, J.

Stacey Vaughn Floyd appeals a trial court judgment denying him the right to claim a federal income tax dependency exemption for his minor child. For the following reasons, we reverse the trial court judgment and render judgment granting him the federal income tax dependency exemption.

## DISCUSSION OF THE RECORD

Ruby Anna Pritchard and Stacey Vaughn Floyd are the parents of Savannah Claire Floyd, born on September 2, 1999. On May 15, 2002, Ms. Pritchard brought an action against Mr. Floyd, requesting that she be awarded custody of Savannah and that Mr. Floyd be ordered to pay child support and to maintain medical insurance on the child. In her petition, Ms. Pritchard also requested that she be allowed "to claim the tax credits and exemptions associated with [Savannah]" on her taxes.

On July 15, 2002, the parties entered into a "Joint Custody Plan/Consent Decree" recognizing Ms. Pritchard as Savannah's custodial parent and awarding Mr. Floyd specific visitation privileges. The consent decree further set Mr. Floyd's monthly child support obligation at $740.00, or greater than eighty percent of the total monthly child support obligation.[1] While the consent decree contained a paragraph addressing tax considerations, the parties marked through this paragraph and initialed it as not being a part of the stipulation.

Mr. Floyd raised the tax exemption issue by a filing made on December 27, 2002, wherein he asserted that he should be awarded the federal and state income tax dependency exemptions because he was paying in excess of eighty percent of the monthly support obligation owed by both parents. In response, Ms. Pritchard filed a declinatory exception of lack of subject matter jurisdiction, a peremptory exception

---

[1]Two worksheets were attached to the consent decree. One sets the total monthly basic child support obligation owed by both parents at $921.00. The other sets it at $961.00.

of no cause of action, and a claim that the issue had been preempted by federal law. At a May 29, 2003 hearing, the trial court rendered a judgment awarding Mr. Floyd the state income tax dependency exemption, but awarding Ms. Pritchard the federal income tax dependency exemption. The trial court concluded that Louisiana had the right to regulate the assignment of state tax exemptions, but that federal law prevailed in assigning federal tax exemptions. Mr. Floyd appealed, asserting in his sole assignment of error that the trial court erred in concluding that Mr. Floyd was not entitled to the federal income tax dependency exemption for his support of Savannah.

**OPINION**

In its reasons for judgment, the trial court denied Ms. Pritchard's exception of lack of subject matter jurisdiction. However, it is unclear from the record whether the trial court based Ms. Pritchard's favorable ruling on the exception of no cause of action or whether it construed the preemption claim as that of a peremptory exception of no right of action. However, because we reverse the trial court judgment, we need not resolve that issue.

In support of his claim, Mr. Floyd relies on La.R.S. 9:315.18(C), which provides that "[t]he non-domiciliary party whose child support obligation exceeds seventy percent of the total child support obligation *shall* be entitled to claim the federal and state tax dependency deductions every year if no arrearages are owed by the obligor." (Emphasis added.) The record establishes that Mr. Floyd's monthly support obligation exceeds seventy percent of the total child support obligation, and there is no evidence that he owes past-due support. Notwithstanding the clear language of this statute, the trial court concluded that "the Louisiana legislature has no authority to pass a state law which modifies [26 U.S.C.A. § 152]." That section of the Federal Tax Code contains a presumption that the custodial parent is to receive the

2

dependency exemption unless, or until, he or she releases claim to the exemption. The record establishes that Ms. Pritchard never released her claim to that exemption.

In *Cafarelli v. C.I.R.*, 94-265 (U.S.Tax Ct. 1994), 67 T.C.M. 3077, both the custodial and noncustodial parent filed exemptions for their minor children. The United States Tax Court explained that the policy behind 26 U.S.C.A. § 152 is *administrative* in nature and is designed to prevent such conflicts.

> The purpose of the amendment to section 152(e)(2) is explained in H.Rept. 98-432 (Part I), at 197-198 (1983). In that report, it is stated that the prior statutory framework for awarding dependency exemptions for children of divorced parents was:
>
>> often subjective and [presented] difficult problems of proof and substantiation. The Internal Revenue Service became involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The Committee [wished] to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.
>
> In other words, in enacting the current version of section 152(e), Congress sought to eliminate the role of the IRS as mediator in disputes over which parent was entitled to the dependency exemptions. The present statutory scheme eases or was intended to ease the administrative burden of the IRS.
>
> In order for the noncustodial parent to meet the statutory exception of section 152(e)(2), section 152(e)(2)(A) specifically requires that the custodial parent sign "a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent". Pursuant to this congressional directive, temporary regulations were promulgated that provide that "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the official form shall conform to the substance of such form." Sec. 1.152-4T, Q & A-3, Temporary Income Tax Regs., 49 Fed.Reg. 34459 (Aug. 31, 1984). Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, was available in revised form as of December 1987. The regulations also provide that:
>
>> The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, *as specified in the declaration*. If the exemption is released for more than one year, the original release must be attached to the return of the noncustodial

> spouse and a copy of such release must be attached to his/her return for each succeeding taxable year for which he/she claims the dependency exemption. (Emphasis added.)

*Id.*

The federal statute is silent as to whether a state court can require a custodial parent to sign a declaration waiving the dependency exemption. Many states have concluded that "this silence demonstrates Congress's surpassing indifference to how the exemption is allocated as long at the IRS doesn't have to do the allocating." *Babka v. Babka*, 452 N.W.2d 286, 288 (Neb. 1990) (quoting *Cross v. Cross*, 363 S.E.2d 449, 457 (W.Va.App. 1987)).

> Since the amendment to the federal tax law, the majority of jurisdictions considering this issue have determined that state courts may exercise their equitable power to allocate dependency exemptions to noncustodial parents. *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13 (1987); *Serrano v. Serrano*, 213 Conn. 1, 566 A.2d 413 (1989); *In re Marriage of Einhorn*, 178 Ill.App.3d 212, 127 Ill.Dec. 411, 533 N.E.2d 29 (1988); *Hart v. Hart*, 774 S.W.2d 455 (Ky.App. 1989); *Wassif v. Wassif*, 77 Md.App. 750, 551 A.2d 935 (1989); *Bailey v. Bailey*, 27 Mass.App. 502, 540 N.E.2d 187 (1989); *Corey v. Corey*, 712 S.W.2d 708 (Mo.App. 1986); *Fudenberg v. Molstad*, 390 N.W.2d 19 (Minn.App. 1986); *In re Marriage of Milesnick*, 765 P.2d 751 (Mont.1988); *Gwodz v. Gwodz*, 234 N.J.Super. 56, 560 A.2d 85 (1989); *Fleck v. Fleck*, 427 N.W.2d 355 (N.D. 1988); *Hughes v. Hughes*, 35 Ohio St.3d 165, 518 N.E.2d 1213 (1988), *cert. denied* 488 U.S. 846, 109 S.Ct. 124, 102 L.Ed.2d 97; *Motes v. Motes, supra*; *In re Marriage of Peacock*, 54 Wash.App. 12, 771 P.2d 767 (1989); *Cross v. Cross, supra*; *Marriage of Pergolski v. Pergolski*, 143 Wis.2d 166, 420 N.W.2d 414 (1988).

*Id.* at 289.

Louisiana falls within those states which have determined that it may exercise this power and La.R.S. 9:315.18(C) codifies that action. *See Walker v. Walker*, 02-606 (La.App. 3 Cir. 12/4/02), 832 So.2d 1098. Additionally, in *State, Department of Social Services v. Burkett*, 02-1128 (La.App. 5 Cir. 4/29/03), 845 So.2d 1183, the fifth circuit stated that "[a]s we read the statute, the non-domiciliary parent who pays in

4

excess of 70% of the child support obligation is entitled to the tax benefit if there is no question of arrearage, *and such privilege is not discretionary with the trial court.*" (Emphasis added.)

We find that because 26 USCA § 152(e) has been interpreted as purely administrative in nature, state law had not been preempted, and La.R.S. 9:315.18 (C) is applicable to the matter before us. Therefore, we find that the trial court erred in denying Mr. Floyd the federal income tax dependency exemption.

## DISPOSITION

We reverse the trial court's judgment granting Ruby Anna Pritchard the federal income tax dependency exemption for her support of Savannah Claire Floyd and render judgment awarding that exemption to Stacey Vaughn Floyd. We assess all costs of this appeal to Ruby Anna Pritchard.

**REVERSED AND RENDERED.**