NANCY L. CAFARELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RICHARD A. CAFARELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cafarelli v. Commissioner
Docket Nos. 20309-93, 23498-93
United States Tax Court
T.C. Memo 1994-265; 1994 Tax Ct. Memo LEXIS 266; 67 T.C.M. (CCH) 3077; June 9, 1994, Filed *266 Nancy L. Cafarelli, pro se. For petitioner Richard A. Cafarelli: John J. Morrison. For respondent: Terri L. Parrott. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: These consolidated cases were heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. In separate notices of deficiency, respondent determined deficiencies, respectively, in petitioners' 1989 Federal income taxes as follows: Docket No.
Petitioner
Deficiency
20309-93
Nancy L. Cafarelli
$   902
23498-93
Richard A. Cafarelli
1,680
The sole issue for decision is whether petitioner Richard A. Cafarelli or petitioner Nancy L. Cafarelli is entitled to the dependency exemptions under section 151 for Richard M. Cafarelli, Danel L. Cafarelli, and Nicholas V. Cafarelli for the 1989 tax year. The three dependents are *267 petitioners' children. Some of the facts were stipulated and are found accordingly. The stipulation and attached exhibits are incorporated herein by reference. Petitioners, Nancy L. Cafarelli (Ms. Cafarelli) and Richard A. Cafarelli (Mr. Cafarelli), were residents of Chicago, Illinois, and Hanover Park, Illinois, respectively, at the time they filed their petitions. Petitioners were divorced on April 13, 1987. The Judgment for Dissolution of Marriage, with a marital settlement agreement incorporated therein (hereinafter the divorce decree), was rendered by the Circuit Court of Cook County, Chicago, Illinois (hereinafter the Illinois Circuit Court). In the divorce decree, Ms. Cafarelli was granted custody of the three children, and Mr. Cafarelli was accorded visitation rights on approximately every other weekend and on Wednesday evenings. Child support in the amount of $ 676 per month was to be paid by Mr. Cafarelli until each child reached 18 years of age, at which time there would be a pro rata reduction in the amount of child support. The dependency exemptions of the three children for income tax purposes were addressed as follows in the divorce decree: That Husband [Mr. *268 Cafarelli] shall be entitled to claim the income tax exemption for the minor children. That each party will sign whatever documents are necessary to enable the other party to claim the child as that party's income tax exemption based upon the circumstances in effect at that time, including necessary waiver forms as required by the Internal Revenue Service. Husband is entitled to such exemptions based on the present financial status of the parties; such entitlement being subject to further review.
No additional documents relating to the dependency exemptions were signed by Ms. Cafarelli at the time the divorce decree was executed. Both petitioners claimed dependency exemptions for their three children on their 1987 and 1988 Federal income tax returns. Subsequently, on July 24, 1989, Ms. Cafarelli filed with the Illinois Circuit Court a motion to enforce the divorce decree. The motion addressed the issues of child support, school tuition payments, and insurance, and asked the Illinois Circuit Court to "Allow * * * [Ms. Cafarelli] to claim children on federal and state income taxes." On January 5, 1990, the Illinois Circuit Court issued an order disposing of the motion in which *269 Ms. Cafarelli was "ordered to execute the necessary documents for * * * [Mr. Cafarelli] to claim the minor children of the parties as exemptions." Pursuant to the order, Ms. Cafarelli, while in the Illinois Circuit Court courtroom, reluctantly signed Internal Revenue Service (IRS) Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. The Form 8332 signed by Ms. Cafarelli is divided into two parts. Part I is labeled "Release of Claim to Exemption for Current Year", and part II is labeled "Release of Claim to Exemption for Future Years". Part I of the form was not completed. Part II was completed and stated: "I agree not to claim an exemption for RICHARD M., DANEL L., NICHOLAS V. for tax years ALL FUTURE YEARS." It was signed and dated by Ms. Cafarelli on January 5, 1990. On February 5, 1990, Ms. Cafarelli filed with the Illinois Circuit Court a motion for reconsideration and other relief and asked that Mr. Cafarelli not be allowed to claim the children as exemptions for income tax purposes. On March 28, 1990, Ms. Cafarelli filed with the Illinois Circuit Court an emergency motion to reset the hearing date from June 1990 to April 1990. The emergency *270 motion, which focused on the issues of school tuition and the dependency exemptions, detailed the additional amounts that Ms. Cafarelli would be required to pay in 1989 Federal income tax if she were not entitled to the exemptions. As of the date of trial in this case, the Illinois Circuit Court had not modified its January 5, 1990, order that Mr. Cafarelli was entitled to the dependency exemptions. Other than the IRS Form 8332 signed by Ms. Cafarelli on January 5, 1990, there is no other written declaration by Ms. Cafarelli regarding the dependency exemption of her three children for 1989. Both petitioners claimed the three children as dependents on their respective 1989 Federal income tax returns. On the returns, both petitioners provided the names and Social Security numbers of the three children. In response to the query on the return of "No. of months * * * [the dependents] lived in your home in 1989", Ms. Cafarelli answered 12 months, and Mr. Cafarelli answered 0 months. Mr. Cafarelli attached to his 1989 income tax return the IRS Form 8332 described earlier. In respective notices of deficiency, respondent determined that neither petitioner proved entitlement to dependency *271 exemptions in 1989 for the three children because the Form 8332 did not specify that it was applicable to the 1989 taxable year. It is Mr. Cafarelli's position that the Form 8332 attached to his 1989 income tax return is a valid "written declaration" as required by section 152(e), and that the reference to "ALL FUTURE YEARS" included the year 1989 and thereafter because neither petitioner had prepared or filed a 1989 income tax return when the Form 8332 was signed on January 5, 1990. Ms. Cafarelli argues that she did not intend the waiver to apply for their 1989 tax year. The determinations by the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer *272 (or is treated undersubsection (c) or (e) as received from the taxpayer)". The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, as in the present case, "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the custodial parent)", thus allowing the dependency exemption to be claimed by the "custodial parent". To decide who has "custody", section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. Since petitioners' divorce decree grants custody and physical possession of the three children to Ms. Cafarelli, she is considered the children's "custodial parent" under section 152(e). Mr. Cafarelli, as the "noncustodial parent", is allowed *273 to claim a child as a dependent only if one of three statutory exceptions in section 152(e) is met. Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if: (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 153(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met. In the present case, the exceptions in section 152(e)(3) and (4) do not apply. There was no multiple support agreement and no pre-1985 instrument. Therefore, Mr. Cafarelli is entitled to the dependency exemptions only if the requirements of section 152(e)(2) are met. Section 152(e)(2) was amended by the Deficit Reduction *274 Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 494, 799. Prior to this amendment, in the case of children of divorced parents, an additional exception was provided under which the noncustodial parent was entitled to the dependency exemption if the noncustodial parent provided $ 1,200 or more for support of each child, and the custodial parent did not "clearly establish" that he or she provided more than the noncustodial parent for such child's support. Sec. 152(e)(2)(B). As a result, when the dependency exemption of a child of divorced parents was in dispute, the IRS was compelled to examine conflicting factual evidence to determine which of the parties was entitled to the dependency exemption. See McGuire v. Commissioner, 77 T.C. 765 (1981). The actual support test is no longer provided for the case of a child of divorced parents by virtue of the amendment to section 152(e)(2). The purpose of the amendment to section 152(e)(2) is explained in H. Rept. 98-432 (Part I), at 197-198 (1983). In that report, it is stated that the prior statutory framework for awarding dependency exemptions for children of divorced parents was: often subjective *275 and [presented] difficult problems of proof and substantiation. The Internal Revenue Service became involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. * * * The Committee [wished] to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.
In other words, in enacting the current version of section 152(e), Congress sought to eliminate the role of the IRS as mediator in disputes over which parent was entitled to the dependency exemptions. The present statutory scheme eases or was intended to ease the administrative burden of the IRS. In order for the noncustodial parent to meet the statutory exception of section 152(e)(2), section 152(e)(2)(A) specifically requires that the custodial parent sign "a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent". Pursuant to this congressional directive, *276 temporary regulations were promulgated that provide that "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the official form shall conform to the substance of such form." Sec. 1.152-4T, Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, was available in revised form as of December 1987. The regulations also provide that: The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration. If the exemption is released for more than one year, the original release must be attached to the return of the noncustodial spouse and a copy of such release must be attached to his/her return for each succeeding taxable year for which he/she claims the dependency exemption. [Emphasis added.]
Sec. 1.152-4T, Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). In this case, the Court *277 must address whether the written declaration of the custodial parent's release of the dependency exemptions for the taxable year of 1989 was "specified in the declaration" contained in Form 8332, which was signed and dated by Ms. Cafarelli on January 5, 1990, and attached to Mr. Cafarelli's 1989 income tax return. The Court considers this issue in light of the congressional intent reflected by the amendment of section 152(e) and its legislative history that dependency disputes between parents should be resolved without the involvement of the IRS. Mr. Cafarelli attached to his 1989 income tax return an appropriate written declaration, IRS Form 8332, signed by Ms. Cafarelli, the custodial parent, which, on its face, did not state that it applied to the 1989 taxable year. Part I of the form was unmistakably designated as a "Release of Claim to Exemption for Current Year" and was clearly left blank by both parties. (Emphasis added.) Therefore, it cannot be said that anywhere on the face of the written declaration is it evident that it is applicable to 1989. Whether this part of the form was left blank by inadvertence or not, the Court does not find a valid "written declaration" *278 in which Ms. Cafarelli, as the custodial parent, released the claim to the dependency exemptions for the 1989 taxable year. Therefore, the Court holds that the statutory requirements entitling Mr. Cafarelli to the dependency exemptions for 1989 have not been fulfilled. Mr. Cafarelli's argument that IRS Form 8332 was intended to apply to 1989 because it was signed on January 5, 1990, when neither petitioner had filed a 1989 income tax return, is without merit. Such an interpretation would make useless the statute's "written" declaration requirement and would not provide the certainty required by the statute. If Mr. Cafarelli's argument is correct, it would impose upon the IRS a duty to determine the true intention behind any such written waiver in order to enforce section 152(e)(2), which clearly would not further the congressional intent to ease administrative burdens. In addition, basing the effective date of a written waiver on whether or not the parties' income tax returns had been prepared, when on the face of the writing another effective date is evident, would, likewise, require the IRS and the courts to look behind the written declaration to determine what was intended. *279 In this instance, the Court does not find it proper to determine the intent behind the written declaration. The Court notes that, if the parties had simply completed part I of Form 8332 or executed another written declaration to the same effect, it would have been clear to the IRS and this Court what year the release was "intended" to cover. Therefore, the Form 8332 filed with Mr. Cafarelli's 1989 income tax return is not an effective release of the custodial parent's dependency exemption claims for 1989. Thus, Ms. Cafarelli, as the custodial parent, is entitled to the dependency exemptions for 1989. Although petitioners' divorce decree and the subsequent orders issued by the Illinois Circuit Court provide that Mr. Cafarelli is entitled to the dependency exemptions for the three children, State courts, by their decisions, cannot determine issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Nieto v. Commissioner, T.C. Memo. 1992-296. Thus, the Court concludes that, pursuant to section 152(e), Mr. Cafarelli is *280 not entitled to claim the three children as dependents for 1989. His remedy, if any, lies in the State court for enforcement of the divorce decree. Decision will be entered for petitioner in docket No. 20309-93.
Decision will be entered for respondent in docket No. 23498-93.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩