The custody of the three minor children of the parties was granted to the appellant by a divorce judgment which was rendered in 1965.
In March 1979 the appellee filed his petition which, among other relief not here pertinent, sought authority from the court to claim the children as dependents on his federal income tax return.
At the hearing, which was heard ore tenus by the court, the evidence was to the effect that the father paid $50.00 per week for the support of the children and one-half of the dental bills for one child, that his yearly gross income presently was $11,090 with his biweekly income varying from $276 to $300, that both parties had remarried, and that his monthly bills amount to approximately $1,100 per month. The appellant testified that it cost $200 or more a week to support the three children. Apparently each party was required by the court to fill out and present to the trial judge a "worksheet." Neither of the worksheets is a part of the record on appeal.
As to the point in controversy, the trial judge ordered in her May 8, 1979 judgment that the appellee-father "shall be entitled to claim one of the said minor children of the parties for Federal and State income tax purposes." From this aspect of the circuit court's judgment the appellant appeals, and makes the following claims: (1) that such ruling is not allowed by law and is erroneous; (2) that the court could not retroactively allow the appellee to claim a child for a dependent in the 1979 tax year; and (3) that such judgment is ambiguous.
Prior to August 31, 1967 the divorced parent furnishing more than one-half of the support of a child was entitled to claim such child as a dependent for tax purposes. In every case, a question of fact was therefore presented. In order to attempt to settle disputes between divorced parents as to which of them was entitled to claim a child as a dependent, special provisions were enacted in 1967 creating presumptions and rules for their rebuttal. I.R.C. § 152.
Generally, the parent having custody is allowed as a deduction the exemption of a dependent child, with certain presumptions having been created to achieve such effect. However, the Internal Revenue Code allows the father to rebut this presumption and to claim the exemption if the agreement of the parties or the divorce decree or separation decree specifically provides that he *Page 1105 
shall be entitled to the deduction and if he provides at least $600 for the support of the child during the calendar year. I.R.C. § 152 (e)(2)(A).
Thus, Congress has authorized divorce courts to order that a non-custodial parent may claim a child as a deduction. Such order must be followed by the IRS if he provided said $600 calendar-year child support. We deem it immaterial as to whether such deduction was authorized by a court originally in a divorce judgment or years later in a modification judgment as was done in this case. The parents may, by written agreement, give the exemption to the spouse not having custody and such agreement may be entered into by former spouses already divorced. 33 Am.Jur.2d, Federal Taxation § 1153 (1979). Indeed, such agreements may be entered into yearly. Such is a necessary rule because conditions change. It is inconceivable that Congress did not by the same statute grant the same authority of necessary change to a court as was given to the parents.
The Louisiana case of Vinet v. Vinet, 184 So.2d 33 (La.App. 1966) was decided in 1966, prior to the above discussed changes in the Internal Revenue Code and should not be relied upon as precedent at this time.
We hold that the trial judge had authority to order that the father might claim a child as a dependent for income tax purposes. Such is fair, equitable and just under the facts in this case.
 The Treasury will honor an agreement between the parents even if made retroactively after the close of the taxable year for which the non-custodial parent wants to claim the dependency exemption for his minor child, as long as the agreement is made while the year is still open for refund claims. [Footnote omitted.] 33 Am.Jur.2d, Federal Taxation § 1153 (1979), p. 278.
The Colbert County Circuit Court's judgment rendered in May 1979 validly covers the calendar tax year 1979, retroactivity not here being prohibited.
The appellant raises the question that the circuit court's judgment was not specific enough in that it was not specified as to which of the three children shall be considered as a dependent for the father. We agree that the trial court should have designated by name such dependent child; but, since the matter was not raised below, since the record before us is not complete, and since such can readily be corrected upon motion filed by appellant with the lower court, we do not deem that this case should be reversed for such error.
We thus decide that the trial court had authority to order that the appellee might claim a dependent child as a tax exemption for income tax purposes; that same applies to the entire calendar year 1979, unless changed by the court; and that the judgment was ambiguous but that such ambiguity may readily be clarified through motion in the circuit court.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the 1975 Code of Alabama. His opinion is hereby adopted as that of the court.
The judgment below is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES and BRADLEY, JJ., concur.