JUDITH M. BAILEY *vs.* DAVID N. BAILEY.

No. 88-P-793.

Middlesex.   April 10, 1989. — June 26, 1989.

Present: ARMSTRONG, KAPLAN, & DREBEN, JJ.

*Divorce and Separation*, Child custody. *Taxation*, Income tax.

Under § 152(e) (2) of the Internal Revenue Code, as amended by the Deficit
   Reduction Act of 1984, a Probate Court judge could lawfully allocate
   between the parties to a divorce proceeding the Federal income tax
   dependency exemptions for the couple's children. [504-505]

COMPLAINT for divorce filed in the Middlesex Division of
the Probate and Family Court Department on January 13, 1987.

The case was heard by *Vincent F. Leahy*, J.

*Elizabeth D. Shackford* (*C. David Grayer* with her) for Judith
M. Bailey.

*Phyllis K. Kolman* for David N. Bailey.

DREBEN, J. The parties to this divorce proceeding have
twelve adopted minor children. The sole issue raised by the
wife's appeal is whether the Deficit Reduction Act of 1984[1]
which amended 26 U.S.C. § 152(e)(2) (Supp. IV 1986) of the
Internal Revenue Code[2] precludes a State judge from allocating

---

[1] P. L. No. 98-369, Div. A, Title IV, § 423 (a), 98 Stat. 799.

[2] Prior to the 1984 amendment, former § 152(e)(2) provided different
exceptions to the general rule that the parent with custody of a child is
deemed to have furnished over half the child's support, that is, can claim
a dependency exemption. The former law was that a noncustodial parent
was entitled to the exemption if the decree of divorce (or written agreement)
provided that such parent was so entitled *and* provided such parent furnished
at least $600 support in the calendar year. Alternatively, if the parent without
custody provided $1,200 support or more in the calendar year, and the
parent with custody did not establish that he or she furnished more support,
then the parent without custody could claim the exemption.

   The House Committee on Ways and Means in recommending the amend-
ment to § 152(e)(2) noted:

dependency exemptions for children of divorced or separated parents. The judgment entered by the probate judge in this case allocated six of the couple's exemptions to the husband, the noncustodial parent.

Section 152(e)(1) and (2) set out in relevant part in the margin,[3] provide, omitting the details, that the custodial parent

"The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service." H.R. Rep. No. 432, 98th Cong., 2d Sess., pt. 3, at 1498-1499 (1984).

[3] Section 152(e)(1) (Supp. IV 1986) provides in relevant part:

"(1) Custodial parent gets exemption
Except as otherwise provided in this subsection, if —
(A) a child . . . receives over half of his support during the calendar year from his parents —
(i) who are divorced or legally separated under a decree of divorce or separate maintenance, [and] . . .
(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')."
There are three exceptions. The one here relevant appears in § 152 (e)(2) (Supp. IV 1986) as follows:
"(2) Exception where custodial parent releases claim to exemption for the year
A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if —
(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year."

is generally entitled to the dependency exemption. If, however, a noncustodial parent appends to his or her tax return a written declaration of the custodial parent that the latter will not claim the child as a dependent, the noncustodial parent may take the exemption.

Under prior law, State judges were considered to have power to allocate the dependency exemptions.[4] The purpose of the 1984 amendment was not to limit the authority of State judges; rather, as indicated in note 2, *supra*, the aim of the amendment was to resolve disputes between parents without the involvement of the Internal Revenue Service. Under the amended statute, the Service no longer needs to determine the amount of support furnished by each parent. It is only concerned with which parent is the custodial one and whether that parent has signed a declaration that he or she will not claim the exemption.

The majority of courts which have ruled on the question have held that the amendment to § 152(e)(2) does not prevent State courts from allocating dependency exemptions.[5] We agree

_____

[4] See, e.g., *Grider* v. *Grider*, 376 So. 2d 1103, 1105 (Ala. Civ. App. 1979); *Morphew* v. *Morphew*, 419 N.E.2d 770, 775 (Ind. Ct. App. 1981); *Pettitt* v. *Pettitt*, 261 So. 2d 687, 690 (La. Ct. App. 1972); *Westerhof* v. *Westerhof*, 137 Mich. App. 97, 103-105 (1984); *Greeler* v. *Greeler*, 368 N.W.2d 2, 5 (Minn. Ct. App. 1985); *Niederkorn* v. *Niederkorn*, 616 S.W.2d 529, 533 (Mo. Ct. App. 1981).

[5] The following cases hold that the 1984 amendment does not preclude allocation of exemptions by State judges: *In re Marriage of Lincoln*, 155 Ariz. 272, 276 (Ariz. Ct. App. 1987); *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 224-225 (1988); *Wassif* v. *Wassif*, 77 Md. App. 750, 761 (1989); *Fudenberg* v. *Molstad*, 390 N.W.2d 19, 21 (Minn. Ct. App. 1986); *In re Marriage of Milesnick*, 765 P.2d 751, 754 (Mont. 1988); *Fleck* v. *Fleck*, 427 N.W.2d 355, 359 (N.D. 1988); *Hughes* v. *Hughes*, 35 Ohio St. 3d 165, 167, cert. denied, 488 U.S. 846 (1988); *Cross* v. *Cross*, 363 S.E.2d 449, 457-459 (W. Va. 1987); *In re Marriage of Pergolski*, 143 Wis. 2d 166, 173 (Wis. Ct. App. 1988). Cf. *Jensen* v. *Jensen*, 753 P.2d 342, 345 (Nev. 1988), which holds the "more extreme remedy of coercive equitable relief" is inappropriate where the judge can achieve the same economic result by adjusting the alimony award.

Jurisdictions holding to the contrary are: *McKenzie* v. *Kinsey*, 532 So. 2d 98, 100 n.3 (Fla. Dist. Ct. App. 1988); *Varga* v. *Varga*, 173 Mich. App. 411, 417-418 (1988); *In re Marriage of Vinson*, 83 Or. App. 487, 493-494 (1987); *Sarver* v. *Dathe*, 439 N.W.2d 548 (S.D. 1989); *Davis* v. *Fair*, 707 S.W.2d 711, 716-717 (Tex. Ct. App. 1986); *Fullmer* v. *Fullmer*, 761 P.2d 942, 950 (Utah Ct. App. 1988).

with this view and hold that the probate judge could properly allocate six exemptions to the husband. Since § 152(e)(2)(A) requires a written declaration by the custodial parent before the noncustodial parent may take the exemption, the judge should also order the wife to execute the declaration for one or more years. See Temp. Treas. Reg. § 1.52-4T (1984).[6]

The matter is remanded to the Probate Court to modify the judgment by the addition of an appropriate order directing the wife to execute the required declaration.

*So ordered.*

---

[6] A judge may also condition the declaration's execution upon receipt of all support payments. *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 224-225 (1988). See *Hooper* v. *Hooper*, C.A. No. 1130 (Knox Cir., Tenn. Ct. App. 1988); *Cross* v. *Cross*, 363 S.E.2d 449, 459 (W. Va. 1987).