## Phalla Iv *vs.* Samath Hang.

No. 11-P-2181.

Middlesex. January 8, 2013. - May 14, 2013.

Present: Graham, Grainger, & Sikora, JJ.

*Divorce and Separation,* Judgment. *Probate Court,* Divorce.

Discussion of the dependent child exemption under Federal income tax law. [599-601]

In a divorce action, the Probate and Family Court judge had the authority to allow the husband, in conjunction with an order for child support, to claim the children as dependents on his State and Federal income tax returns, over the objections of the wife. [601-603]

Complaint for divorce filed in the Middlesex Division of the Probate and Family Court Department on May 24, 2010.

The case was heard by *William F. McSweeney, III,* J.

*Thomas Stylianos, Jr.,* for the wife.

*Jennifer H. O'Brien* for the husband.

Graham, J. The issue presented in this appeal is whether a Probate and Family Court judge has the power to order dependency exemptions for State and Federal income tax returns to be allocated to the husband, over the objection of the wife, in conjunction with an order for child support.

*Background.* The parties, Phalla Iv (wife) and Samath Hang (husband), were married in 2004 and separated in 2010. Two children were born of the marriage. By a judgment of divorce nisi dated April 27, 2011, the wife was awarded physical custody of the children, the parties' property was divided, and the husband was ordered to pay child support in the amount of $228 per week. The judgment further provides: "Husband shall be entitled to claim both the unemancipated children, as dependents on his

[S]tate and [F]ederal tax returns until each child is emancipated or further order of the Court. The Court finds that Husband shall be entitled to claim all the children for tax purposes."[1]

The wife has appealed from so much of the divorce judgment as pertains to "taxes." More specifically, she argues that "[w]ith regard to Federal tax matters . . . the [S]tates have been preempted," and "[t]he present system of dependent allowances and credits arising there from no longer allows State courts to make awards of dependents."

1. *Historical review.* In assessing the wife's argument, a brief historical review of the Federal dependent child exemption is instructive.

"Under prior law, State judges were considered to have power to allocate the dependency exemptions" for children of divorced parents. *Bailey* v. *Bailey,* 27 Mass. App. Ct. 502, 504 (1989) (*Bailey*). However, the law as it existed prior to a 1984 amendment to the Internal Revenue Code (1984 amendment) created substantial problems for the Internal Revenue Service, as commented on by the House Committee on Ways and Means (House Committee) in recommending the 1984 amendment to 26 U.S.C. § 152(e)(2).[2] By virtue of the 1984 amendment, 26 U.S.C. § 152(e)(1) (Supp. IV 1986) provided, in part:

"(1) Custodial parent gets exemption

"Except as otherwise provided in this subsection, if —

"(A) a child . . . receives over half of his support during the calendar year from his parents —

---

[1] The judge noted that the wife testified that she earned approximately $2,500 in 2010, and she filed State and Federal tax returns without consultation with the husband for the tax year 2010. On her 2010 tax returns, the wife claimed head of household status and both children as dependents. The judge stated that "[t]his has put Husband the majority wage earner at a distinct financial disadvantage on his 2010 return."

[2] The House Committee stated: "The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service." *Bailey,* 27 Mass. App. Ct. at 502 n.2, quoting from H.R. Rep. No. 432, 98th Cong., 2d Sess., pt. 3, at 1498-1499 (1984).

"(i) who are divorced or legally separated under a decree of divorce or separate maintenance, [and] . . .

"(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')."

The court noted in *Bailey, supra* at 503 n.3, that there were three exceptions to this provision, and quoted the exception relevant to that case, which allowed the custodial parent to release claim to a dependency exemption by signing a written declaration that the noncustodial parent then attached to his or her tax return.[3]

In *Bailey*, the sole issue raised by the appeal was whether the 1984 amendment precluded a State judge from allocating dependency exemptions for children of divorced or separated parents. In holding that it did not, we stated:

"Under prior law, State judges were considered to have power to allocate the dependency exemptions. The purpose of the 1984 amendment was not to limit the authority of State judges; rather . . . the aim of the amendment was to resolve disputes between parents without the involvement of the Internal Revenue Service."

*Id.* at 504 (footnote omitted).

Thus, in light of "prior law," this court's interpretation of the 1984 amendment, and the provisions of the Massachusetts Child Support Guidelines (Guidelines), see *Department of Rev.*

---

[3]Temporary Treas. Reg. § 1.152-4T, 26 C.F.R. § 1.152-4T (1984), also provided: "A noncustodial parent may claim the exemption for a dependent child *only* if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year. The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the official form shall conform to the substance of such form." (Emphasis supplied.)

v. *Foss*, 45 Mass. App. Ct. 452, 460 (1998) (no abuse of discretion in the judge's order that the parties alternate taking the child as an exemption for income tax purposes; such an order is expressly permitted by the Guidelines), probate judges have long allocated dependency exemptions to noncustodial parents.

2. *Current Federal law.* Federal law with respect to dependency exemptions has been amended since 1984. See Working Families Tax Relief Act of 2004 (Pub. L. 108-311, § 201, 118 Stat. 1166 [2004]); Gulf Opportunity Zone Act of 2005 (Pub. L. 109-135, § 404[a], 119 Stat. 2577, 2632-2634 [2005]). Section 152(e) of the Internal Revenue Code, 26 U.S.C. § 152(e) (2006), contains a special rule for divorced parents that allows a noncustodial parent to claim a child as a dependent provided that the child receives over one-half of his or her support during the calendar year from the child's parents who are divorced or legally separated under a decree of divorce or separate maintenance; the child is in the custody of one or both of the parents for more than one-half of the calendar year; the custodial parent signs a written declaration that he or she will not claim such child as a dependent for any taxable year; and the noncustodial parent attaches such a written declaration to his or her return for the taxable year.

The most recent Treasury regulation on the dependency exemption, 26 C.F.R. § 1.152-4, took effect July 2, 2008. See 26 C.F.R. § 1.152-4(h) (2012). With respect to the written declaration required for release of a parent's claim to a child as a dependent, the regulation provides, in § 1.152-4(e)(1)(ii), that the written declaration must be on a specified form (Form 8332 or a successor form) or, if not on the form, must conform substantially to it and must be executed for the sole purpose of serving as a written declaration under this section. "A court order or decree or a separation agreement may not serve as a written declaration." *Ibid.*

*Discussion.* The wife argues that the provision of the judgment concerning the allocation of dependents conflicts with § 151 and § 152 of the Internal Revenue Code, 26 U.S.C. §§ 151, 152 (2006), and the interpretation and explanation of the law in the Treasury regulations. She asserts that the present system of dependency exemptions and credits arising therefrom

no longer allows State courts to make awards of dependency exemptions, because under current Federal tax law the custodial parent "is entitled to the dependents unless that custodial parent has agreed to release the dependents using a specified form or format." Pointing to Example 18 of Treas. Reg. § 1.152-4, the wife states that even a divorce decree requiring a parent to execute a release so that the noncustodial parent can claim the exemption (something that the judge did not order in the present case) is "ineffective to allocate the right to claim the child as a dependent." Therefore, in the wife's view, the judge's order awarding the husband the right to claim the children as dependents is "unlawful," and she is entitled to claim both children as dependents. We are not persuaded.

Both the 1984 amendment and current Federal law require that in order for noncustodial parent to claim a child as a dependent, the custodial parent must execute a written declaration releasing the right to so claim the child. As noted, we held in *Bailey, supra* at 504-505, that a judge properly may allocate dependency exemptions. In view of the foregoing, we are persuaded that the general holding in *Bailey* continues to have vitality here. Under *Bailey*, a judge has authority to allocate dependency exemptions under the similar provisions of the 1984 amendment, and, subject to the caveats discussed *supra*, that authority has not been abrogated by the further amendments to 26 U.S.C. § 152.[4] Although not accorded precedential

---

[4]Our conclusion is not inconsistent with Example 18(ii) set out in 26 C.F.R. § 1.152-4(g), which states, in the context of the scenario posited in Example 18(i), that "[t]he order in the divorce decree requiring [the custodial parent] to execute a Form 8332 is ineffective to allocate the right to claim Child as a dependent to [the custodial parent]." We interpret Example 18 to mean that a State court order *itself* is not enough under current law to effectuate the allocation (or transfer) of dependents; Federal law pertaining to the release of the exemption must be complied with. However, we perceive nothing in the example that would preclude a State court from allocating an exemption (or ordering that a custodial parent execute an appropriate form releasing the exemption) and then enforcing that order on the State level through a contempt proceeding. We note, further, that Example 18(iii), which presumably is based on the factual scenario set out in Example 18(i) (i.e., where the State court order requires the custodial parent to execute a Form 8332 release), provides that if the custodial parent executes the form, and the noncustodial parent attaches it to his tax return, then the noncustodial parent may claim the child as a dependent.

weight, our summary disposition order in *Zoffreo* v. *Zoffreo*, 76 Mass. App. Ct. 1105 (2010), is also persuasive on this point (in affirming an order that the wife was entitled to claim dependency for the parties' children under the Internal Revenue Code, this court cited to *Bailey*, *supra*, for the proposition that while a custodial parent was normally entitled to such a deduction, a State court judge has the power to allocate dependency exemptions for divorced parents).

*Conclusion.* The judge did not err in allowing the husband to claim the children as dependents on his State and Federal income tax returns. Accordingly, we remand this matter to the Probate and Family Court, where the judge shall consider issuing an order that the wife execute a written declaration releasing her claim to the dependency deductions.

*So ordered.*