NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-398

SONALIKA RUNGTA

vs.

VIDUR DHANDA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant-father appeals from multiple contempt judgments and orders issued against him, all arising out of his actions in claiming his minor child as a dependent on his 2020 and 2021 tax returns. The contempts all originate from a 2013 divorce judgment, which expressly provided the plaintiff-mother with the right to claim the dependent on her tax returns. The father contends that it was error to find him in contempt of that 2013 judgment where the child began residing with him in December of 2016, the mother began paying child support in October of 2020, and legal custody was transferred from the mother to the father in June of 2021. There is no dispute, however, that the terms of the 2013 judgment had not been modified as of the end of 2021 (indeed, as of that time, the father had not moved for modification as to the tax dependency

issue).  Because the father failed to comply with clear and unequivocal court orders, we affirm.

Background.  The parties were divorced in September 2013. As relevant here, the divorce judgment granted the mother legal and physical custody of the parties' child, as well as "the right to claim the child for [F]ederal and [S]tate income tax exemption/dependency purposes."  Despite the divorce judgment's provision of custody to the mother, around December of 2016, the child began living full time with the father, with the mother's acquiescence.

Years later, in April of 2021, the mother filed a contempt complaint against the father because the father claimed the child as a dependent on his 2020 tax returns.  On June 3, 2021, a judge of the Probate and Family Court issued a judgment (first contempt judgment) finding the defendant in contempt, and ordering the father (1) to file an amended 2020 tax return and (2) to execute an Internal Revenue Service (IRS) form "allocat[ing] to [the mother] the right to claim the minor child for tax year 2020."  The father did not appeal from the June 3, 2021 judgment.  Shortly thereafter, on June 16, 2021, the judge ruled on a modification complaint filed by the father in August 2019, and awarded the father "sole legal and physical custody of the parties' minor child."  In July 2021, the father filed a motion for relief from the first contempt judgment, which the

2

judge denied by a margin endorsement on December 6, 2021.[1]  The defendant noticed a timely appeal from the denial of his motion for relief from judgment.

In July 2021, the mother filed a second contempt complaint based on the father's failure to comply with the first contempt judgment.  In a judgment dated March 8, 2022 (second contempt judgment), the judge found the father in contempt, ordered him to file an amended 2020 tax return and to execute the relevant IRS form, and ordered the father to pay $25 per day in sanctions for each day after March 31, 2021 that the father failed to comply with the judgment.[2]  The father timely noticed an appeal from the second contempt judgment, and his two appeals were consolidated for our consideration.

On March 30, 2022, the mother filed a third contempt complaint, this time regarding the father's 2021 returns as well as his 2020 tax returns.  In an order dated October 13, 2022 (third contempt judgment), the judge again found the father in contempt, and ordered him to file an amended tax return for the

---

[1] Although the father's motion is dated July 2021, it does not appear on the docket until September of that year.  The father claims that the trial court lost his initial filing.

[2] In a second March 2022 order, the judge ordered the mother to pay $225 per week in child support per the parties' "[a]greement," and it appears that the mother is still subject to that order.  Although the record is unclear on this point, it appears that the mother was also required to pay child support in the same amount between October 29, 2020, and June 16, 2021.

2021 tax year, to execute the relevant IRS form, and to pay $4,900 in sanctions.  The judge found that the second contempt judgment and the judgment of divorce "remain[ed] in full force and effect."  He reasoned that the second contempt judgment had not been stayed, and that the 2013 divorce judgment's tax provision had not been modified and was not subject to a pending modification complaint as to that provision.  After an unsuccessful motion for relief from the third contempt judgment, the father timely noticed his appeal therefrom, and successfully moved a single justice of this court to consolidate that appeal with his appeals concerning the first and second contempt judgments.

Discussion.  On appeal, the father contends that the contempt judgments were improperly issued, primarily due to the 2016 shift in the child's living arrangements, and the June 2021 change in custody.  He claims that these changes rendered the divorce judgment's tax provision invalid, or at least made its enforcement inequitable.  "We review a judge's ultimate finding of contempt for an abuse of discretion, and we subject questions of law to plenary review."  Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 134 (2020).

Civil contempt judgments may issue where a plaintiff shows "(1) clear disobedience of (2) a clear and unequivocal command." Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  See

4

Birchall, petitioner, 454 Mass. 837, 851 (2009).  Here, the judge found in the first contempt judgment, in June of 2021, that both elements were met, concluding (1) that the divorce judgment contained a clear and unequivocal provision granting the wife the right to claim the dependency exemption, and (2) that the father disobeyed that command by claiming the child as a dependent in tax year 2020.  We discern no abuse of discretion or error of law in those determinations.  There is no indication that the father sought (let alone received) modification of the divorce judgment's tax provision on the bases of the child's residency or custody before claiming the child as a dependent for tax year 2020.  Although the father points to his August 2019 modification complaint requesting custody of the child and "[a]ny other remedy the court may deem fit," this vague catch-all is not sufficiently specific to constitute a request to modify the tax provision.  Regardless, even if it could be read as such a request, the tax dependency provision was not modified and remained valid.

The father seemingly argues that his failure to secure modification of the 2013 divorce judgment does not matter, because the child's change in residency or legal custody rendered the tax provision "invalid" as a matter of law.  He relatedly argues that allocation of the dependency exemption can be accomplished only in connection with child support

5

determinations.  We disagree.  The one case the father cites for those propositions, Iv v. Hang, 83 Mass. App. Ct. 598 (2013), does not support his positions.  Instead, that decision says that judges have the authority to allocate dependency exemptions, even though the custodial parent would otherwise be entitled to claim the deduction under Federal law.  See id. at 602-603 & n.4.  Nor does Hang say that the dependency allocation must only be allocated in connection with a child support determination.  See id.  Thus, because the father neither secured modification of the 2013 divorce judgment nor identified any reason that the tax provision was "invalid" as a matter of law, the father was required to comply with its clear and unequivocal command.  The first contempt judgment was justified.[3]

The second and third contempt judgments do not stand on different footing.  It is true that the father raised the allocation of the tax exemption in a February of 2022 modification complaint, prior to the issuance of those judgments.  But we do not agree with the father that the judge

---

[3] The father argues that the judge erred in sua sponte converting what was allegedly a scheduled status conference into a hearing on the mother's first contempt complaint.  The father provided no additional factual support for his argument, nor has he provided us with a transcript of the hearing.  We accordingly are unable to address this argument.  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  See also Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) (appellant's duty to ensure record is complete); Mass. R. A. P. 8 (b) (1) (A), as appearing in 481 Mass. 1611 (2019).

6

"ignored" this request when she found in the third contempt judgment that there was no pending modification complaint "specifically requesting a change relative to th[e] [tax] provision." The father's request did not seek modification of the divorce judgment's tax provision, but instead asked the court to "allocate the right to claim the child as a dependent . . . as it deems fit and as part of the child support arrangement" (emphasis added). More important, however, is that the divorce judgment's allocation of the exemption to the mother remained unchanged, and the father did not seek to stay enforcement of the first contempt judgment, which is clear in requiring the father to file an amended 2020 tax return and to execute a form allowing the mother to claim the exemption. The father plainly disobeyed that first judgment, thereby justifying the second. And without obtaining a stay of the second contempt judgment, the father again refused to file an amended return or to execute the relevant form, in clear violation of that judgment, and again claimed the child as a dependent on his 2021 tax return. This willful noncompliance justified the issuance of the third contempt judgment.[4]

---

[4] Because the father did not obtain a stay of the contempt orders pending appeal, we disagree with his argument that the judge erred in acting on the mother's second and third contempt complaints without leave of this court. See Mass. R. Dom. Rel. P. 62 (g) (in divorce cases, "[u]nless the court otherwise orders, the filing of an appeal shall not stay the operation

7

It may be that the father eventually secures the modification he seeks.[5] But until he does, the divorce and contempt judgments remain clear, and the father's mere request for modification does not excuse his conscious disregard of unequivocal court orders. Court orders are to be obeyed, not ignored because a litigant believes they are incorrect. See Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 264 (2007) ("a court order must be obeyed, and until it is reversed by orderly review, it is to be respected"). That said, however, we are mindful that the child has been living with the father and that the father has had legal custody since June of 2021. While we express no opinion on whether the divorce judgment should ultimately be modified as the father seeks, we do think that the change in custody is reason for the Probate and Family Court to take a renewed look at the allocation of the exemption.[6] In the

_____

. . . [o]f any other order or judgment of the court relative to custody, visitation, alimony, support, or maintenance").

[5] It appears that the father's modification complaint was set for a pretrial conference on May 3, 2023.

[6] It appears that absent the divorce judgment, the father would have a claim to the dependency deduction under § 151 and § 152 of the Internal Revenue Code, 26 U.S.C. §§ 151, 152, and the attendant Treasury regulations. See generally 26 C.F.R. § 1.152-4. As discussed supra, however, Federal law does not "preclude a State court from allocating an exemption (or ordering that a custodial parent execute an appropriate form releasing the exemption)." Hang, 83 Mass. App. Ct. at 602 n.4.

8

meantime, we discern no abuse of discretion or error of law in the issuance of the contempt judgments.

> <u>Order entered December 15, 2021, denying motion for relief from judgment affirmed</u>.
>
> <u>Judgment of contempt, entered March 16, 2022, affirmed</u>.
>
> <u>Order on complaint for contempt, entered October 17, 2022, affirmed</u>.
>
> <u>Order entered November 7, 2022, denying motion for relief from order on contempt affirmed</u>.
>
> <u>Corrected order entered November 21, 2022, on complaint for contempt affirmed</u>.
>
> By the Court (Rubin, Englander & Brennan, JJ.[7]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  May 23, 2023.

---

[7] The panelists are listed in order of seniority.